# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION

KIM PAVLAK                                                          PLAINTIFF

VS.                              2:08CV00104JMM

HELENA REGIONAL MEDICAL CENTER                        DEFENDANT

## <u>ORDER</u>

Pending is Defendant's motion for summary judgment.  (Docket # 44).  The Court

granted Plaintiff two extensions of time in which to respond to the pending motion, Plaintiff

failed to file a response.  For the reasons set forth herein, Defendant's motion is granted.

<u>Facts</u>

Plaintiff failed to respond to Defendant's motion for summary judgment.  Under the local

rules applicable to federal district courts in Arkansas, a party opposing a motion for summary

judgment " shall file ... a separate, short and concise statement of the material facts as to which it

contends a genuine issue exists to be tried." D. Ark. R. 56.1(b). If the opposing party fails to

contest the facts described in the motion for summary judgment, those facts "shall be deemed

admitted." *Id*. 56.1(c) Pursuant to the local rules, then, the facts as described in the Defendant's

motion for summary judgment are the undisputed facts of this case. *Beavers v. Bretherick ,*

2007 WL 1109940 (8th Cir. 2007).

Those undisputed facts are as follows:  Plaintiff, Kim Pavlak, filed a *pro se* Complaint in

the above-referenced matter on May 27, 2008, alleging that Helena Regional Medical Center

("HRMC") discriminated against her based on her race in violation of Title VII.  Paragraph 7 of

Plaintiff's *pro se* Complaint reflects that Plaintiff received a Right to Sue letter from the EEOC

on February 25, 2008.   During her deposition, Plaintiff reviewed her Complaint and confirmed the accuracy of paragraph 7.  Plaintiff also provided counsel with a copy of the envelope she received from the EEOC that contained the Right to Sue letter. Counsel asked Plaintiff to initial the envelope next to where she had previously written, "received Monday 2/25/08," and she did so.  Plaintiff filed her Complaint in this matter on May 27, 2008, 92 days after receiving her Right to Sue letter.

 Plaintiff, who is reportedly Vietnamese, obtained a nursing license in 2002 in California. She subsequently moved to Helena, Arkansas because she has "always lived in a big city, such as Paris or Los Angeles, and [she] wanted to try the opposite, adventuring life in a small rural town."   Plaintiff did not work as a nurse until she started working in HRMC's Emergency Department on July 31, 2006.  Her previous employment was as a secretary at a hospital in Long Beach, California.   On October 31, 2006, at the end of her 90-day probationary period, Plaintiff received her first formal evaluation. Plaintiff's evaluation scores were low. Plaintiff's supervisor, Shanna Pryor, wrote, "probation period will be extended 60 days. Employee will be placed back in orientation the month of November. Employee will attempt to locate a RN refresher course."

On or about November 7, 2006, Plaintiff resigned her position as a nurse in the Emergency Department. Plaintiff explained that she resigned because, among other things, she did not like HRMC's orientation program, and because "I did not think that I could work in an atmosphere where my boss did not appreciate me."

Plaintiff testified that she went back to work at HRMC in January 2007, this time as a nurse in the operating room ("OR"). She explained to counsel, "the lawsuit start when I work in the surgery." Plaintiff's allegation of discrimination is contained in her Complaint, where she

wrote, "I worked in the Surgery Department starting 01/16/07. In March '07, the  work slowed

down due to the main surgeon's resignation. The non-Asian nurses were allowed to work in other

departments or placed on part time."   Plaintiff correctly confirmed during her deposition that

after Dr. George Kontos resigned from HRMC, the surgical work slowed significantly. During

the slow period, HRMC asked Plaintiff, and the other three nurses with whom she worked in the

OR, to be available for work each day of their regularly scheduled shifts. Each morning, the OR

Supervisor would call the OR employees to inform them whether they would work that day, and

if so, the approximate number of hours they would work.   Plaintiff did not like the fact that she

had to be available full time, but would reportedly only work ten hours per week on many

occasions. She complained that she was conducting renovations at her home, and she needed

"some set days so [she] can plan."

Plaintiff worked with three other nurses in the OR, Niki Miner, Terry Jones, and Diane

Travis. Plaintiff's complaint of race discrimination centers on her allegation that Terry Jones and

Diane Travis were permitted to work in other areas of the hospital and thereby increase their

hours during the OR's slow period. Plaintiff complained that HRMC periodically permitted

Travis to work in the ER, and Jones to work in the medical-surgical unit.   Plaintiff admitted that

she does not know how much experience Travis has in nursing or whether she worked in the ER

prior to transferring to the OR. She admitted that she does not know whether Jones had prior

experience in the medical-surgical unit.

Plaintiff eventually requested that the OR Supervisor, Courtney Dillard, "change" her

"employment status" from full time to PRN (as needed). As HRMC's Director of Human

Resources explained, Dillard does not have the ability to simply change an employee from full

time to PRN. Such a change requires an open PRN nursing requisition for the OR. Obtaining a new requisition requires a formal request process, and there were no open PRN nursing requisitions for the OR at the time of Plaintiff's request. When Dillard informed Plaintiff that she could not simply "change" her employment status, Plaintiff resigned her employment.

Plaintiff made clear during her deposition that she could have continued to work at HRMC as a full time nurse, but she complained that she would not have received "enough hours."   Terry Jones worked some in the medical surgical unit during the OR's slow period, and Diane Travis worked some in the ER.   Jones has been employed at HRMC since September 2004, and she had five months' experience in the medical surgical unit/rehabilitation floor. Travis began working for HRMC in August 2005, and she worked in the ER for six months prior to transferring to the OR.  Niki Miner is a white female. She worked as a nurse in the OR with Plaintiff, Travis, and Jones. HRMC did not assign Miner to work in any other area during the OR's slow period.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

HRMC argues that summary judgment is proper because Plaintiff filed her complaint more than 90 days after receiving a Right to Sue letter; Plaintiff cannot establish the necessary elements of a prima facie case of race discrimination; and, Plaintiff cannot demonstrate that the legitimate, non-discriminatory reasons for HRMC's actions were a pretext for discrimination.

Although Plaintiff filed her complaint 92 days following receipt of a Right to Sue letter, Plaintiff's complaint was timely filed as the 90th day ran on a Sunday and the following Monday

5

was a federal holiday.  See, Fed. Rule Civ. P. 6(a)(3).

To establish a prima facie case on her claim of race discrimination, a Title VII plaintiff

must show: (1) that she is a member of a protected class, (2) that she was meeting the employer's

legitimate job expectations, (3) that she suffered an adverse employment action, and (4) that

similarly situated employees outside the protected class were treated differently. *Clark v. Runyon*,

218 F.3d 915, 918 (8th Cir.2000). If the plaintiff can present a prima facie case, the employer

must come forward and identify a legitimate, non-discriminatory reason for the adverse

employment action. *See, Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120

S.Ct. 2097, 147 L.Ed.2d 105 (2000). If the employer meets this burden, the burden shifts back to

the plaintiff to show that the articulated reason was a pretext for discrimination.  *Tolen v.*

*Ashcroft,*  377 F.3d 879, 882 (8th Cir. 2004).

The Court finds that Plaintiff has failed to present a prima facie case of race

discrimination.  Although Plaintiff complains that her hours were reduced and she was not

allowed to supplement her work outside the OR, Plaintiff has failed to produce evidence that she

was constructively discharged or that similarly situated employees outside the protected class

were treated differently.  Further, HRMC has presented a legitimate business reason for its

actions and Plaintiff has offered no evidence of pretext.

Plaintiff complains that she was not allowed to work part time, given a set of days off or

allowed to work in different departments.  She claims that she was subjected to different terms

and conditions, paid less wages, not evaluated, talked to in a demeaning manner, not given a pay

increase and was forced to resign because of her race.  Plaintiff claims that HRMC permitted her

co-workers to work in other areas of the hospital to supplement their work hours while the OR

work was slow.

The undisputed evidence demonstrates that after the resignation of Dr. George Kontos, the surgical work at HRMC slowed significantly.  As a result, Plaintiff's hours were reduced. During this slow period, Nurses Terry Jones and Diane Travis were permitted to work in other areas of the hospital and thereby increase their hours.  However, Nurse Jones had been employed at HRMC since September, 2004 and had five months' experience in the medical surgical unit/rehabilitation floor, and Nurse Travis began working for HRMC in August, 2005 and she worked in the ER for six months prior to transferring to the OR.  Plaintiff had no nursing experience outside of the OR with the exception of three months in the ER that resulted in a negative evaluation, an extension of her probationary period and a request that Plaintiff attend a nursing refresher course.  Plaintiff resigned after HRMC declined her request to "change" her employment status from full time to PRN (as needed).

The Court construes Plaintiff's *pro se* pleading as asserting a claim for constructive discharge.  "A constructive discharge occurs when an employer renders the employee's working conditions intolerable, forcing the employee to quit." *Johnson v. Runyon,* 137 F.3d 1081, 1083 (8th Cir.) (internal quotations omitted), *cert. denied,*525 U.S. 916, 119 S.Ct. 264, 142 L.Ed.2d 217 (1998). "To constitute a constructive discharge, the employer must deliberately create intolerable working conditions with the intention of forcing the employee to quit and the employee must quit." *Summit v. S-B Power Tool,* 121 F.3d 416, 421 (8th Cir.1997) (internal quotations omitted), *cert. denied,*523 U.S. 1004, 118 S.Ct. 1185, 140 L.Ed.2d 316 (1998). The Plaintiff may prove the intent element by a demonstration that quitting was "a reasonably foreseeable consequence of the employer's discriminatory actions." *Id.* The employee must act

reasonably by not assuming the worst and not jumping to conclusions too quickly. *Id.*

The Court finds that the conditions about which Plaintiff complains do not amount to sufficient evidence to support a finding of constructive discharge. Even if the working atmosphere was not ideal, "a feeling of being unfairly criticized or [having to endure] difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *See, Breeding v. Arthur J. Gallagher and Co.,* 164 F.3d 1151, 1159 - 1160 (8th Cir. 1999). Plaintiff has presented no evidence to suggest that HRMC acted with the intention of forcing her to resign or that her resignation was a reasonably foreseeable consequence of its actions allowing Nurses Jones and Travis to work in other areas of the hospital. *See, Tidwell v. Meyer's Bakeries, Inc.,* 93 F.3d 490, 495-97 (8th Cir. 1996)( racially discriminatory shift assignments and failure to promote did not create an objectively intolerable atmosphere that forced the plaintiff to resign; "frustration and embarrassment at not being promoted do not make work conditions sufficiently intolerable to constitute constructive discharge . . . dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.")(citations omitted).

Further, Nurses Jones and Travis are not similarly situated to Plaintiff. "To be able to introduce evidence comparing the plaintiff to other similarly situated employees in a discrimination case, the other employees must have been 'similarly situated to the plaintiff in all relevant respects.'" *Kight v. Auto Zone, Inc.,* 494 F.3d 727, 734 (8th Cir. 2007), *citations omitted*. "The test to determine whether employees are 'similarly situated' to warrant a comparison to a plaintiff is a 'rigorous' one." *Cherry v. Ritenour School Dist.,* 361 F.3d 474, 479 (8th Cir.2004), *citations omitted*. The undisputed evidence demonstrates that both Jones and

8

Travis possessed experience and knowledge beyond that of Plaintiff.

The Court finds that HRMC has articulated legitimate business reasons for its actions: the reduction in hours resulted from the resignation of Dr. Kontos; the decision to utilize Jones and Travis in other areas of the hospital was based on their experience and knowledge; and, the denial of Plaintiff's request to be placed on PRN status was because no open PRN nursing requisitions for the OR were available at the time of Plaintiff's request.  Even if the Court were to find that Plaintiff presented a prima facie case, Plaintiff has not demonstrated that the Defendant's legitimate business decisions, were a pretext to intentional discrimination. "[F]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." *McNary v. Schreiber Foods, Inc*., 535 F.3d 765 (8ᵗʰ Cir. 2008) citing, *Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 812 (8th Cir.2005) (quoting *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 973 (8th Cir.1994)).

For these reasons, Defendant's motion for summary judgment, docket # 44, is granted.

IT IS SO ORDERED this 11ᵗʰ day of January, 2010.

_____
James M. Moody
United States District Judge